UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SOURCE PRODUCTION & EQUIPMENT CO., INC., ET AL | CIVIL ACTION |
| VERSUS | NO. 16-17528 |
| KEVIN J. SCHEHR, ISOFLEX USA, ISOFLEX RADIOACTIVE LLC, RICHARD H. MCKANNAY, JR., AND JOHN DOES 1-10 | SECTION "R" |

## ORDER AND REASONS

Before the Court is plaintiffs Source Production & Equipment Co., Inc.; Aspect Technology Limited; Specmed, LLC; Spec Med Intellectual Property, LLC; and Spec Intellectual Property, LLC's *ex parte* motion for expedited discovery.[1] For the following reasons, the motion is denied.

## I.   BACKGROUND

On December 16, 2016, plaintiffs filed suit against Kevin J. Schehr; IsoFlex USA; Isoflex Radioactive LLC; Richard H. McKannary, Jr.; and John Does 1-10.  Plaintiffs' complaint alleges various federal and state law causes of action.[2]  The complaint alleges that Kevin Schehr, a former employee of

---

[1]   R. Doc. 3.
[2]   R. Doc. 1.

Source Production & Equipment Co., misappropriated plaintiffs' intellectual property and commercial sensitive information in order to directly compete with Source Production.[3] Also on December 16, 2016, plaintiffs filed this *ex parte* motion for expedited discovery to identify any confidential or trade secret information disclosed by Schehr, to produce property retained by Schehr and other defendants that relate to plaintiffs' business, and identify email addresses used by Schehr.[4] Plaintiffs also seek to inspect and take pictures of the premises and operations of Isoflex Radioactive, Schehr's newly formed venture.[5] According to plaintiffs, expedited discovery is necessary to allow plaintiffs to gain the necessary information required to effectively seek preliminary injunctive relief and to prevent defendants from destroying evidence.[6]

As of the date of this order, defendants have not been served, and therefore have not had an opportunity to respond to this motion. Thus, plaintiffs request the Court to authorize expedited discovery *ex parte*.

---

[3] R. Doc. 3-2 at 2.
[4] *Id.* at 8.
[5] *Id.*
[6] *Id.* at 7-9.

## II. DISCUSSION

Plaintiffs' motion focuses primarily on establishing that they have satisfied the good cause standard used by a majority of courts in this Circuit to determine if expedited discovery is warranted.[7] Their motion, however, barely addresses the threshold question of whether expedited discovery should be granted *ex parte* before the defendants have an opportunity to respond. Motions for expedited discovery are rarely granted without notice to the opposing party. *See* Wright & Miller, *8A Fed. Prac. & Proc. Civ. § 2046.1* (3d ed.) ("Usually leave to proceed before the Rule 26(f) conference should be granted only after notice to the other parties."); *see also Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613-14 (D. Ariz. 2001) (denying *ex parte* motion for expedited discovery because plaintiff had not adequately addressed why *ex parte* relief was necessary); *Leone v. Towanda Borough*, No. 12-0429, 2012 WL 1123958, at *3 (M.D. Pa. Apr. 4,

---

[7] In deciding expedited discovery motions, district courts use either a "good cause" standard or the standard used for determining if a preliminary injunction is warranted. *See* Wright & Miller, *8A Fed. Prac. & Proc. Civ. § 2046.1* (3d ed.). The Fifth Circuit has not given guidance as to which standard to use, but a majority of courts in this Circuit have used the good cause standard. *See Wilson v. Samson Contour Energy E & P, LLC*, No. 14-0109, 2014 WL 2949457, at *2 (W.D. La. June 30, 2014) (collecting cases).

3

2012) (denying plaintiff's *ex parte* motion for expedited discovery because plaintiff had not established that *ex parte* relief was warranted). As the District Court for the Central District of California has described, "*ex parte* motions are inherently unfair" and "debilitate the adversary system." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. Mar. 14, 1995). Therefore, plaintiffs bear a heavy burden in establishing that *ex parte* relief is warranted.

Plaintiffs' motion cites multiple cases in which courts authorized limited expedited discovery, but those cases dealt with motions that were either opposed or granted only after defendant had an opportunity to respond, and therefore were not *ex parte*. *See OMG Fidelity Inc. v. Sirius Technologies, Inc.,* 239 F.R.D. 300 (N.D.N.Y. 2006); *Asahi Glass Co., Ltd., v. Toledo Eng'g Co., Inc.*, 262 F. Supp. 2d 845 (N.D. Ohio 2003) (expedited discovery granted after hearing); *Monsanto Co. v. Woods*, 250 F.R.D. 411 (E.D. Mo 2008) (granting motion for expedited discovery after defendant failed to respond to motion). Plaintiffs cite no case where a court granted expedited discovery *ex parte* and the Court has not found any similar case where expedited discovery was granted *ex parte*.[8] Other than plaintiffs'

---

[8] It appears that *ex parte* expedited discovery motions are rarely granted outside of cases in which plaintiffs cannot identify any defendants and need expedited discovery in order to identify the unidentified

speculative belief that receipt of the complaint "*could* cause [defendants] to destroy vital evidence,"[9] (emphasis added) plaintiffs' motion fails to address why defendants should not be given notice of the motion or an opportunity to be heard. *See Yokohama*, 202 F.R.D. at 613. Additionally, plaintiffs' argument as to the destruction of evidence is inconsistent with the information in plaintiffs' motion. Plaintiffs argue that Schehr already downloaded information from his company laptop to a thumb drive and then deleted files from the laptop, and this suggests he may destroy the evidence if notified of this law suit.[10] But plaintiffs also note that Schehr is represented by counsel and his counsel has already received and responded to demand letters regarding this dispute.[11] It strains credulity to believe that Schehr, who is apparently aware of the potential of litigation, has not yet destroyed evidence but would do so solely upon receipt of this complaint or upon discovering this motion.

---

defendants. This is often the situation in cases where internet users illegally obtain copyrighted material and the copyright owners can identify them only by obtaining discovery from the unidentified defendants' internet service providers. *See, e.g., Fonovisa, Inc., v. Does 1-9*, No. 07-1515, 2008 WL 919701, at *10 (W.D. Pa. Apr. 3, 2008); *Interscope Records v. Does 1-14*, No. 07-4107, 2007 WL 2900210 (D. Kan. Oct.1, 2007).

[9] R. Doc. 3-2 at 9.
[10] *Id.* at 3, 9.
[11] *Id.*

Without more, plaintiffs' suggestion that defendants may destroy evidence is not sufficient to justify *ex parte* expedited discovery. *See Rovio Entertainment Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1099-1100 (N.D. Cal. 2012) (denying *ex parte* motion for expedited discovery and finding that plaintiff's argument that because defendants previously engaged in "deceptive practices" they would destroy evidence did not warrant *ex parte* relief). Because plaintiffs have not adequately shown why expedited discovery should be granted without defendants receiving notice or an opportunity to be heard, plaintiffs' motion must be denied.

### III. CONCLUSION

For the foregoing reasons, plaintiffs' *ex parte* motion for expedited discovery is DENIED WITHOUT PREJUDICE.

New Orleans, Louisiana, this __4th__ day of January, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE