UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SOURCE PRODUCTION & EQUIPMENT CO., INC., ASPECT TECHNOLOGY LIMITED, SPECMED, LLC, SPEC MED INTELLECTUAL PROPERTY, LLC AND SPEC INTELLECTUAL PROPERTY, LLC | CIVIL ACTION<br><br>NO. 16-17528<br><br>SECTION M (1) |
| VERSUS | |
| KEVEN J. SCHEHR, ISOFLEX USA, ISOFLEX RADIOACTIVE LLC, RICHARD H. MCKANNAY, JR., AND JOHN DOES 1-10 | |

## ORDER & REASONS

Before the Court is a motion for partial summary judgment filed by defendants-in-counterclaim Richard D. Dicharry ("Dicharry"), Sandra Kusy ("Kusy"), and Source Production & Equipment Co., Inc. ("SPEC") (collectively "Counter-Defendants"), seeking dismissal of a defamation claim filed by plaintiff-in-counterclaim Kevin J. Schehr ("Schehr") concerning purported statements made to Keith Frazier ("Frazier") and Schehr's breach-of-oral-contract claim.[1] Schehr opposes the motion,[2] and Counter-Defendants reply in further support of the motion.[3] Having considered the parties' memoranda and the applicable law, the Court issues this Order & Reasons.

## I. BACKGROUND

This matter concerns the alleged theft of trade secrets and breaches of fiduciary duty and contract by a business's former employee. The Court explained the factual background of this

---
[1] R. Doc. 149.
[2] R. Doc. 185.
[3] R. Doc. 230.

case in an Order & Reasons ruling on Defendants' motion to dismiss certain claims raised in Plaintiffs' first amended complaint:[4]

> Source Production & Equipment Co., Inc. ("SPEC") and its affiliates bring this trade-secret misappropriation and unfair competition action against Kevin J. Schehr, Isoflex USA, Isoflex Radioactive LLC, and Richard McKannay, Jr. SPEC is a supplier of industrial and medical radiography equipment and radioactive isotope materials. Schehr is a former executive officer at SPEC. According to the complaint, Schehr began working for SPEC in 1995 and held various positions at the company until his termination in July of 2016. Plaintiffs allege that over the course of his employment, Schehr signed several confidentiality agreements regarding SPEC's trade secrets. These trade secrets include technologies used to manufacture containers for shipping radioactive material.
>
> According to the complaint, Schehr unsuccessfully attempted to acquire an ownership interest in SPEC in 2012 and 2014. Plaintiffs further allege that Schehr's resentment toward SPEC and its owner, Richard Dicharry, following these attempts prompted Schehr to engage in conduct intended to undermine SPEC and benefit Schehr and others affiliated with Schehr. To this end, Schehr allegedly made several misrepresentations to Dicharry that he knew to be false, caused SPEC to default on the terms of a sale agreement, negotiated business contracts against Dicharry's wishes, filed for and claimed ownership rights to patents developed using SPEC's resources, and provided false financial information in order to inflate his personal bonuses, among several other alleged transgressions.
>
> SPEC terminated Schehr's employment on July 10, 2016. Plaintiffs allege that after his termination, Schehr did not immediately return his company-issued laptop, despite SPEC's demand that he do so. Plaintiffs further allege that once the laptop was returned, a forensic analysis revealed that Schehr emailed a number of SPEC's confidential and proprietary files to his personal email accounts. According to plaintiffs, the analysis also showed that minutes after his termination, Schehr attached two external hard drives to the laptop and subsequently deleted 5,086 files from the laptop. Plaintiffs allege that Schehr continues to possess other storage media belonging to SPEC, including thumb drives and CDs.
>
> Finally, plaintiffs allege that both before and after his termination, Schehr conspired with Isoflex USA and McKannay, the managing director of Isoflex USA, to establish Isoflex Radioactive. Plaintiffs allege that in creating Isoflex Radioactive, defendants misappropriated plaintiffs' trade secrets and confidential

---

[4] This matter was initially assigned to a different section of this Court and it was realloted to this section upon the confirmation of the undersigned.

information. This misappropriation, according to plaintiffs, will allow Isoflex Radioactive to compete with plaintiffs in the market for radioactive materials.

In their amended complaint, plaintiffs assert against all defendants claims for violations of the federal Defend Trade Secrets Act ("DTSA"), the Louisiana Uniform Trade Secrets Act ("LUTSA"), and the Louisiana Unfair Trade Practices Act ("LUTPA"), as well as for conversion. Against Schehr individually, plaintiffs assert claims for violation of the Computer Fraud and Abuse Act ("CFAA"), breach of legal duty, breach of contract, and fraud.

*Source Prod. & Equip. Co. v. Schehr*, 2017 WL 3721543, at *1-2 (E.D. La. Aug. 29, 2017) (footnotes citing record eliminated). The Court granted the motion as to Plaintiffs' conversion claim against IUSA, IR, and McKanney, as well as Plaintiffs' conversion claim against Schehr to the extent they sought to recover the value of their trade secrets; and otherwise denied the motion. *Id.* at *7.

In a subsequent Order & Reasons addressing motion to dismiss Schehr's counterclaim that was filed by SPEC, Dicharry and Kusy, the Court noted the following additional factual allegations:

Schehr's relationship with Dicharry and SPEC deteriorated during the months leading up to Schehr's termination. For example, according to Schehr, Dicharry had promised to give him a 10% ownership interest in SPEC if Schehr facilitated the completion of the design of a new radiography system (Radiography Contract). Schehr alleges that the design was completed, but that two weeks before Schehr's termination Dicharry unreasonably refused to sign off on the new design. SPEC and Dicharry also allegedly agreed to form a new company with Schehr and Dennis Chedraui (NEWCO Agreement). Although the parties to the agreement allegedly signed a letter of intent, and Dicharry and SPEC verbally obligated themselves to the terms of the NEWCO Agreement, Schehr asserts that Dicharry and SPEC failed to fulfill their obligations under the agreement. According to Schehr, Kusy caused Dicharry and SPEC to breach these contracts by providing Dicharry with false information about a conference Schehr attended and a conspiracy between Schehr and Chedraui.

Schehr alleges that upon his termination, SPEC seized a thumb drive and pictures belonging to him. SPEC allegedly obtained the password for Schehr's personal email account from this thumb drive and accessed the account on November 10, 2016. Schehr further alleges that Dicharry and Kusy both made defamatory statements about Schehr after his termination.

*  *  *

> On September 12, Schehr answered the amended complaint and filed counterclaims against SPEC. Schehr then amended his counterclaims to add Dicharry, Kusy, and unknown insurers of SPEC as counterclaim-defendants. Schehr asserts counterclaims for defamation, invasion of privacy, and revendicatory relief against all counterclaim-defendants; breach of contract or detrimental reliance against SPEC, Dicharry, and the insurers; unpaid wages against SPEC and the insurers; and intentional interference with a contract against Kusy. SPEC, Dicharry, and Kusy now move to dismiss certain counterclaims.

*Source Prod. & Equip. Co. v. Schehr*, 2017 WL 6623994, at *1 (E.D. La. Dec. 28, 2017) (footnotes citing record eliminated). The Court granted the motion as to Schehr's claims for revendicatory relief against Dicharry and Kusy and intentional interference with a contract against Kusy; and otherwise denied the motion. *Id.* at *7.

## II. ANALYSIS

### A. Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id.* at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id.* at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). The substantive law identifies which facts are material. *Id.* Material facts are not genuinely disputed when a rational trier of fact could not find for the nonmoving party upon a review of the record taken as a whole. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Equal Emp't Opportunity Comm'n v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249-50; *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994). In ruling on a summary judgment motion, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). Furthermore, a court must assess the evidence, review the facts, and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014); *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001). Yet, a court only draws reasonable inferences in favor of the nonmovant "when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

After the movant demonstrates the absence of a genuine dispute, the nonmovant must articulate specific facts and point to supporting, competent evidence that may be presented in a form admissible at trial. *See Lynch Props., Inc. v. Potomac Ins. Co. of Ill.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A) & (c)(2). Such facts must create more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. When the nonmovant will bear the burden of proof at trial on the dispositive issue, the moving party may simply point to insufficient admissible evidence to establish an essential element of the nonmovant's claim in

order to satisfy its summary judgment burden. *See Celotex*, 477 U.S. at 322-25; Fed. R. Civ. P. 56(c)(B). Unless there is a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075-76.

### B. Schehr's Defamation Claim Related to Statements Made to Frazier

Counterclaim-Defendants move for summary judgment on Schehr's defamation claim as it relates to statements allegedly made to Frazier, arguing that the claim fails as a matter of law because Frazier was employed by SPEC at the time the statements were made.[5] Schehr contends that there are disputed issues of material fact regarding whether Frazier was employed by SPEC at the relevant time.[6]

In a previous Order & Reasons ruling on Counter-Defendants' motion to dismiss Schehr's defamation claim, this Court held that communications among employees of the same corporation are not a publication to a third party, and thus are not actionable as defamation claims. *Source Prod. & Equip.*, 2017 WL 6623994, at *2-3. The Court refused to dismiss Schehr's defamation claim as to statements made to Frazier because Schehr alleged that Frazier was a ***former*** SPEC employee at the time the alleged statements were made, and Schehr was entitled to the benefit of the doubt at the motion to dismiss stage. *Id.* at *3.

Counter-Defendants attach to their motion for summary judgment the declaration of Michael Sanchez ("Sanchez"), SPEC's director of finance and administration, in which Sanchez declares that Frazier was a full-time SPEC employee at the relevant time.[7] Schehr has not produced any evidence to prove otherwise.[8] Instead, Schehr offers conjecture that there might be a genuine issue of material fact regarding Frazier's employment status because Schehr has not

---

[5] R. Doc. 149.
[6] R. Doc. 185 at 6 at n.21. Schehr also argues that he has stated a valid defamation claim as to statements allegedly made to regulatory agencies. *Id.* at 6. Counterclaim-Defendants' motion for summary judgment does not address that portion of Schehr's defamation claim.
[7] R. Doc. 149-2.
[8] R. Doc. 185.

been able to locate Frazier to take his deposition.[9] At this summary judgment stage, once Counter-Defendants presented evidence regarding Frazier's employment, Schehr had the burden of producing contrary evidence showing the existence of disputed issues of fact. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Schehr has failed to do so. Thus, Counter-Defendants' motion for partial summary judgment on Schehr's defamation claim as it relates to statements allegedly made to Frazier is GRANTED and that claim is DISMISSED with prejudice.

### C. Schehr's Breach of Oral Contract Claim

Dicharry and SPEC move to dismiss Schehr's breach-of-oral-contract claim arguing that Schehr cannot prove the existence of the alleged oral contract due to lack of corroborating evidence confirming the existence of the alleged oral agreement.[10]

"A contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished." La. Civ. Code art. 1906. Under Louisiana law, the formation of a valid contract requires: (1) capacity to contract; (2) mutual consent; (3) a certain object; and (4) a lawful purpose. *Id.* arts. 1918, 1927, 1966 and 1971. The party demanding performance of an obligation has the burden of proving the obligation's existence. *Id.* art. 1831.

An oral contract with a value exceeding $500 "must be proved by at least one witness and other corroborating circumstances." *Id.* art. 1846. "The plaintiff himself may serve as the witness to establish the existence of the oral contract." *Suire v. Lafayette City-Par. Consol. Gov't*, 907 So. 2d 37, 58 (La. 2005) (citing *Gulf Container Repair Servs., Inc. v. FIC Bus. & Fin. Ctrs., Inc.*, 735 So. 2d 41, 43 (La. App. 1999)). "The 'other corroborating circumstances' need only be general in nature; independent proof of every detail of the agreement is not required." *Id.* (citing *Kilpatrick v. Kilpatrick*, 660 So. 2d 185, 185 (La. App. 1995)). However, the plaintiff

---

[9] *Id.* at 6 n.21.
[10] R. Doc. 149.

7

cannot provide "the other corroboration"; it must come from another source. *Id.* (citing *Gulf Container Repair Servs., Inc.,* 735 So. 2d at 43). A claim for breach of an oral contract fails as a matter of law if the plaintiff cannot produce corroborating evidence. *Id.*

In this case, Schehr alleges that he and Dicharry entered into an oral contract whereby Dicharry agreed to transfer a 10% ownership interest in SPEC to Schehr if Schehr facilitated the completion of the design for a new radiography system for SPEC.[11] Scheher alleges that he fulfilled his end of the bargain two weeks before his termination, but Dicharry, without good reason, refused to sign off on the design prototype.[12]

Dicharry and SPEC argue that Schehr's claim fails as a matter of law because Scheher has not – and cannot – offer any corroborating witness testimony or documents to prove the existence of the alleged oral agreement.[13] SPEC and Dicharry submit a declaration by Dicharry in which he states that he agreed to transfer a 10% ownership interest in SPEC to Schehr if three conditions were met to Dicharry's satisfaction: "(1) SPEC met certain profit goals; (2) Schehr completed the prototype design, testing, licensing, and manufacture of (*i.e.*, brought to market) the J-Tube System; and (3) Schehr developed and implemented a new line of business for SPEC that would be completely unrelated to industrial radiography."[14] Dicharry also declares that none of the conditions was fulfilled.[15] SPEC and Dicharry point out that the declaration reiterates statements that were contained in Dicharry's discovery responses which were produced on October 4, 2018.[16]

Scheher argues that Plaintiffs'[17] complaint provides corroborating evidence that the oral contract existed.[18] In paragraph 47 of the complaint, Plaintiffs allege:

---

[11] R. Doc. 56 at 66 & Doc. 61 at 15.
[12] R. Doc. 56 at 66-67 & Doc. 61 at 15-16.
[13] R. Doc. 149-1 at 10.
[14] R. Doc. 149-3 at 3.
[15] *Id.* at 4.
[16] R. Doc. 230 at 4.
[17] Dicharry is not a plaintiff, but SPEC is. *See* R. Doc. 33.
[18] R. Doc. 185 at 2-3.

In 2014, Schehr requested to receive ten percent (10%) of SPEC's stock. Notwithstanding the lack of any monetary consideration offered for this ownership interest, Mr. Dicharry agreed to Schehr's proposal conditionally only on Schehr completing the design, licensing and production of a new radiography system based on Mr. Dicharry's concept. Schehr failed to meet this condition and no ownership interest in SPEC was transferred to him by Mr. Dicharry prior to Schehr's termination.[19]

Schehr also argues that he has corroborating testimony from SPEC's project manager, his brother Billy Schehr ("B. Schehr").[20] B. Schehr testified at his deposition that he knew Schehr and Dicharry had a deal at some point whereby Schehr would get a portion of the company and that it was connected to the design of the "J-Tube."[21] Schehr also argues that the Court should disregard the additional contractual terms stated in Dicharry's declaration because it is not Schehr's burden to disprove Dicharry and SPEC's defense to the contract claim.[22]

The Court agrees with Schehr that he has produced enough corroborating evidence to overcome Counter-Defendants' motion for summary judgment. SPEC and Dicharry argue that B. Shehr's testimony is insufficient corroboration because he did not know all of the terms of the alleged contract.[23] However, the Court finds that B. Schehr's testimony about the agreement, together with the allegations in SPEC's own complaint concerning the oral contract and Dicharry's declaration stating that there was an oral agreement, constitute sufficient corroborating evidence to make the existence of an oral contract a question of fact for the fact-finder. Moreover, there are disputed issues of material fact regarding the exact terms of the contract that cannot be resolved on a motion for summary judgment. Therefore, SPEC and Dicharry's motion for summary judgment on Schehr's breach-of-oral-contract claim is DENIED.

---

[19] R. Doc. 33 at 17-18.
[20] R. Doc. 185 at 4.
[21] *Id.* at n.13.
[22] *Id.* at 6 &10-11.
[23] R. Doc. 230 at 5-8.

## III. CONCLUSION

Accordingly,

IT IS ORDERED that Counter-Defendants' motion for partial summary judgment on Schehr's defamation claim as it relates to statements allegedly made to Frazier (R. Doc. 149) is GRANTED and that claim is DISMISSED with prejudice.

IT IS FURTHER ORDERED that Counter-Defendants' motion for partial summary judgment on Schehr's breach-of-oral-contract claim (R. Doc. 149) is DENIED.

New Orleans, Louisiana, this 4th day of April, 2019.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE